United States District Court
Southern District of Texas
**ENTERED**
March 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RENE RAMIREZ AND | § | |
| LAURA RAMIREZ | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:25-CV-302 |
| | § | |
| APEX BANK, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiffs Rene Ramirez and Laura Ramirez filed this action in response to their property being posted for non-judicial foreclosure. This action began on June 2, 2025, by the filing of Plaintiff's Original Petition and Application for Injunctive Relief in the County Court of Law #7 in Hidalgo County. The matter was removed to federal court on June 13, 2025. Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim alleging this current suit failed to state a claim for which relief can be granted, specifically because the claims being made were previously litigated and dismissed with prejudice. (Docket No. 4.) Accordingly, for the reasons discussed further below, the undersigned recommends that Defendant's Motion to Dismiss be granted and that this case be dismissed.

## I. BACKGROUND

On June 2, 2025, Plaintiffs filed their Original Petition and Application for Injunctive Relief. In their petition, they seek declaratory relief for breach of contract in relation to the attempted foreclosure of a property located at 1003 Inspiration Drive, Pharr, Texas 78577. This case was then removed by Defendant on June 13, 2025. On June 20, 2025, Defendant filed its Motion to Dismiss for Failure to State a Claim. (Docket No. 4.) In this motion, Defendant alleges

that this is the Plaintiffs' second lawsuit, making the same claims, on the same property, for the same reasons. Specifically, they claim that the first lawsuit, *Ramirez, et al. v. Apex Bank*, 7:24-cv-032, was filed on December 27, 2023, and that the claims were for breach of contract and declaratory relief for the same property, based on their default of the loan and foreclosure of the Property. (*Id.* at 1-2.) They also assert that the first lawsuit was dismissed with prejudice. As such, Defendant claims that this suit is barred by res judicata and should be dismissed.

## II. ANALYSIS

### A. Standard of Review

In moving to dismiss, Defendant invokes Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 4, at 1.) A Rule 12(b)(6) motion to dismiss objects that a complaint fails "to state a claim upon which relief can be granted," and such a motion may be made in any pleading, by motion for judgment on the pleadings, or at trial on the merits. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006) (citing FED. R. CIV. P. 12(h)(2); *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)). Rule 12(b)(6) must be applied in light of Rule 8(a)(2), which provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."

In considering a motion to dismiss, the court construes "facts in the light most favorable to the nonmoving party, as a motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.,* 563 F.3d 141, 147 (5th Cir. 2009)). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In the context of a Rule 12(b)(6) motion to dismiss, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d

191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

As the Supreme Court has explained, while a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. (citation omitted).  In other words, the allegations must be sufficient to move the claim "across the line from conceivable to plausible." *Id*. at 570.  Dismissal is appropriate if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. "Determining whether the plausibility standard has been met is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (citation omitted)).

### B.    Defendant's Request for Judicial Notice

In Defendant's motion, they request the Court take judicial notice of the filings, claims and pleadings in the first lawsuit, *Ramirez et al. v. Apex Bank*, 7:24-cv-032, and the documents referenced in the Plaintiff's Complaint.  The undersigned finds that such documents are relevant to the question at hand and takes notice of such documents.

### C.    Res Judicata Effect of Prior Lawsuit

The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was

3

involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (internal citations omitted). Res judicata bars the litigation or claims that either have been or should have been raised in an earlier suit. *Id.* (internal citations omitted).

1. Parties are identical

In the present case, the parties are the exact same parties in both 7:24-cv-032 and this case, 7:25-cv-300. Both cases are styled, *Rene Ramirez and Laura Ramirez v. Apex Bank.*

2. Judgement of a Competent Jurisdiction

The prior case 7:24-cv-032 was before U.S. District Judge Ricardo H. Hinojosa in the Southern District of Texas, McAllen Division.

3. Final Judgment on the merits

In 7:24-cv-032, U.S. District Judge Ricardo H. Hinojosa ordered that all claims asserted or could have been asserted by Plaintiffs Rene Ramirez and Laura Ramirez were dismissed with prejudice. He further ordered that all claims for relief, including damages, attorney's fees, declaratory judgments, and temporary and permanent injunctive relief were denied. *Ramirez, et al. v. Apex Bank,* 7:24-cv-032 (*See* Docket No. 10).

4. Same claim or cause of action in both actions

As is stated in both Original Petitions and the Notices of Removal, the property in question is the same, 1003 Inspiration Drive, Pharr, Texas 78577 (with the same legal description). In fact, the Original Petitions filed in both cases are nearly identical, with the exception of Paragraphs 7 and 20. In the Original Petition filed in 7:24-cv-032, those paragraphs read as follows:

> "7. In August of 2023, Plaintiffs were late in timely making their monthly obligations and since that time Defendant has not accepted any partial payments to satisfy monthly obligations. The Defendant has put Plaintiffs on notice that they

intend to foreclose on their homestead on January 2, 2024. Defendant failed to properly notify Plaintiffs of their period to cure the default before accelerating the debt and posting for foreclosure. The parties were close to resolving this matter and Plaintiffs submitted all applications and documents required of them, however Defendant has noticed a foreclosure sale for Tuesday, October 5, 2021.

….

20.     If Plaintiffs' application is not granted, harm is imminent because Plaintiffs' property will be sold at a foreclosure sale on January 2, 2024."

*Ramirez et al. v. Apex Bank*, 7:24-cv-032 (Docket No. 1-5, at 3-4).

In this current case, these same numbered paragraphs read as follows:

" 7.     In April 18, 2025, Plaintiffs received notice that they were delinquent. Since that time Plaintiffs have been attempting to contact the Defendant, however the Defendant has not responded. The Defendant has put Plaintiffs on notice that they intend to foreclose on their homestead on June 3, 2025.

….

20.     If Plaintiffs' application is not granted, harm is imminent because Plaintiffs' property will be sold at a foreclosure sale on June 3, 2025."

*Ramirez et al. v. Apex Bank*, 7:25-cv-302 (Docket No. 1-4, at 3-4).  As was stated earlier, everything else (minus the case number) is exactly the same.

In reviewing the claims in the Petitions, they are virtually the same.  Although the dates are different in Paragraphs 7 and 20 of the Petitions, it is merely because Apex Bank attempted to continue with the foreclosure as allowed by the District Court's prior Final Judgment.  There are no new claims.

Prior to ruling on Apex Bank's Motion for Judgment on the Pleadings (7:24-cv-032, Docket No. 7), a Motion Hearing was held on July 17, 2024. At that time, Plaintiff's Counsel (the same as the current counsel) was not present. Thus, U.S. District Judge Ricardo H. Hinojosa set a Show Cause hearing and reset the Motion Hearing for July 24, 2024. At that hearing, all parties were present, and the Motion Hearing was held. No response had been filed to the Defendant's motion, but Plaintiff's Counsel requested additional time to resolve the case or file a response. Plaintiff was granted 14 days to resolve the case, or file a response within 3 days afterwards. The Court further ordered a Motion Hearing for August 21, 2024. On August 21, 2024, no response had been filed, and Plaintiff's counsel did not appear. The Court then granted Apex Bank's Motion for Judgment on the Pleadings and entered a written Final Judgment on the same day. On June 2, 2025, the same Plaintiff's counsel filed this new petition asserting the same claims.[1]

Therefore, all of the elements of res judicata have been met.

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Defendant's Motion to Dismiss (Docket No. 4) be GRANTED, and that this civil action be DISMISSED.

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to the parties who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on

---

[1] Because Plaintiff's counsel was the same for both actions, the District Court may want to consider whether sanctions are appropriate in the present matter, especially if counsel files further causes of action (without legal basis) aimed at delaying the foreclosure of this property.

an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on the 10th day of March, 2026.

_____
Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE